UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: : CHAPTER 7
:
DIONTAE CORTEZ HICKS, : CASE NO. 18-64019-BEM
:
Debtor. :

**APPLICATION BY TRUSTEE FOR COMPENSATION**

TO: THE HONORABLE BARBARA ELLIS-MONRO
UNITED STATES BANKRUPTCY JUDGE

This Application of S. Gregory Hays, brought pursuant to Section 330 of the United States Bankruptcy Code, respectfully shows that he is the duly-appointed and qualified Trustee in Bankruptcy of the above-captioned Estate, that the assets of said Debtors have been liquidated, and that there came into the hands of the undersigned Trustee for disbursement the total sum of $8,657.35 of which $0.00 has been disbursed to the Debtor and the Trustee anticipates an additional $842.62 will be distributed to the Debtor.

In the administration of said Estate, your Applicant has performed those services required by a Trustee. This Application is for services rendered from August 21, 2018 through January 28, 2021. The statutory allowance is the sum of $1,531.47, and Applicant has heretofore received on his account compensation as Trustee in the sum of $0.00.

Your Applicant has not in any form or guise agreed to share the compensation for such services with any person not contributing thereto, or to share in the compensation of any person rendering services in this proceeding to which services Applicant has not contributed. Your Applicant has not entered into any agreement, written or oral, express or implied, with any other party in interest or any attorney of any other party in interest in this proceeding for the purpose of

fixing the amount of the fees or other compensation to be paid to any party in interest, or any attorney of any party in interest herein for services rendered in connection therewith.

On August 21, 2018 (the "**Petition Date**"), Diontae Cortez Hicks ("**Debtor**") filed a voluntarily petition under Chapter 7 of Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*, as amended, is hereinafter referred to as the "**Bankruptcy Code**"), initiating Case No. 18-64019-bem (the "**Case**").

On December 3, 2018, the Court entered an Order Discharging Debtor and Closing Estate. [Doc No. 10].

Wells Fargo Auto CPI Payment Program ("**Wells Fargo**") began issuing Collateral Protection Insurance settlement checks to trustees and former trustees. These disbursements relate to Wells Fargo's April 2018 consent orders with CFPB and OCC regarding the improper placement or maintenance of CPI policies on automobile loan accounts between May 2005 and September 2016.

On or around October 2020, the Chapter 7 Trustee received a check from Wells Fargo and believed administering the funds would result in a meaningful distribution to unsecured creditors.

On October 8, 2020, the United States Trustee filed a motion to reopen Debtor's Chapter 7 case [Doc No. 12], and the Order Reopening Case was entered on October 9, 2018. [Doc. No. 13].

Shortly thereafter, Trustee was appointed, and he remains, the duly acting Chapter 7 trustee in this Bankruptcy Case.

At the commencement of the Case, the Bankruptcy Estate was created under 11 U.S.C. § 541(a), and it includes all Debtor's legal or equitable interests in property as of the commencement

of the Case and any interest in property that the Bankruptcy Estate acquires after commencement of the Case. 11 U.S.C. § 541 (2014).

The Trustee is currently holding funds totaling $8,621.90 from the Wells Fargo check after payment of monthly bank and technology services fees. A claims bar date order has been entered and has passed. Total unsecured claims of $4,330.09 were filed. The Trustee has filed all necessary estate tax returns. The Trustee in his Final Report is proposing paying unsecured creditors in full plus interest and paying a surplus to the Debtor.

As said Trustee, your Applicant has or will pay in the final administration of the Bankruptcy Case out of his own funds expenses totaling $44.66, none of which have been repaid and for which he prays for reimbursement. Attached hereto marked as Exhibit "A" and incorporated herein by reference is an itemization of Trustee's expenses.

WHEREFORE, S. Gregory Hays prays for such allowance for his services herein in the amount of $1,531.47 plus reimbursement of expenses in the amount of $44.66 and as the Court finds reasonable and just.

Respectfully submitted 28th day of January, 2021.

                                                                            /s/ S. Gregory Hays
                                                                            S. Gregory Hays

Hays Financial Consulting, LLC        Chapter 7 Trustee
2964 Peachtree Rd, N.W, Ste 555
Atlanta, Georgia 30305
(404) 926-0060

**Exhibit "A"**

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Diontae Cortez Hicks**
**Case # 18-64019-BEM**

**For the Period from   8/21/2018  to  1/28/2021**

January 28, 2021

| | Amount |
|---|---:|
| **Expenses** | |
| 10/31/2020  Postage | 0.50 |
| 1/12/2021   2021 Bond fee | 3.45 |
| 1/20/2021   Postage - Application to Employ HFC. | 1.50 |
| 1/27/2021   Case Closing Expenses: | 39.21 |
|     Copies NFR - 26 notices @ 6 pages @ $0.15 per copy - $23.40 | |
|     Postage NFR - 26 notices @ $0.51 per notice - $13.26 | |
|     Postage distribution checks - 5 checks @ $0.51 per check - $2.55 | |
| Subtotal | 44.66 |
| **Total costs** | **$44.66** |