UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| DIONTAE CORTEZ HICKS, | : | CASE NO. 18-64019-bem |
| | : | |
| Debtor. | : | |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE OF
COMPENSATION OF HAYS FINANCIAL CONSULTING, LLC, AS ACCOUNTANTS
TO THE CHAPTER 7 TRUSTEE**

**COMES NOW** Hays Financial Consulting, LLC ("**HFC**" or "**Applicant**"), accountants to S. Gregory Hays, Chapter 7 Trustee ("**Trustee**") for the above-styled case, and, pursuant to 11 U.S.C. § 330 and Bankruptcy Rule 2016, files this first and final application ("**Application**") seeking final allowance of compensation in the amount of $1,260.00 and reimbursement of expenses in the amount of $77.20 for the period from January 18, 2021 through and including January 28, 2021 (the "**Application Period**"). In support hereof, Applicant shows as follows:

1.

On August 21, 2018 (the "**Petition Date**"), Diontae Cortez Hicks ("**Debtor**") filed a voluntarily petition under Chapter 7 of Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*, as amended, is hereinafter referred to as the "**Bankruptcy Code**"), initiating Case No. 18-64019-bem (the "**Case**").

2.

On December 3, 2018, the Court entered an Order Discharging Debtor and Closing Estate. [Doc No. 10].

3.

Wells Fargo Auto CPI Payment Program ("**Wells Fargo**") began issuing Collateral Protection Insurance settlement checks to trustees and former trustees. These disbursements relate to Wells Fargo's April 2018 consent orders with CFPB and OCC regarding the improper placement or maintenance of CPI policies on automobile loan accounts between May 2005 and September 2016.

4.

On or around October 2020, the Chapter 7 Trustee received a check from Wells Fargo and believed administering the funds would result in a meaningful distribution to unsecured creditors.

5.

On October 8, 2020, the United States Trustee filed a motion to reopen Debtor's Chapter 7 case [Doc No. 12], and the Order Reopening Case was entered on October 9, 2018. [Doc. No. 13].

6.

Shortly thereafter, Trustee was appointed, and he remains, the duly acting Chapter 7 trustee in this Case.    Shortly thereafter, Trustee was appointed, and he remains, the duly acting Chapter 7 trustee in this Bankruptcy Case.

7.

On January 20, 2021, Trustee filed an Application to Employ Hays Financial Consulting, LLC as Accountants for the Trustee [Doc. No. 23]. On January 22, 2021, an Order approving the employment of HFC as Accountants to the Trustee was entered [Doc. No. 24].

8.

Pursuant to this Application, Applicant seeks final approval, allowance, and payment pursuant to §§ 330 and 331 of the Bankruptcy Code of compensation for services rendered as accountants for the Trustee incurred in connection therewith during the Application Period.

9.

For the period covered by this application, HFC devoted a total of not less than 4.2 hours in rendering services as accountants to the Trustee. Applicant has not previously been allowed or paid any compensation for the period covered by this application. Summaries of hours spent by subject area and by professional are attached as Exhibit "A".

10.

The services of the Applicant during the Application Period includes analysis of the bankruptcy estate transactions, preparation of federal and state tax returns for the bankruptcy estate, preparation of letters pursuant to Bankruptcy Code section 505(b) and preparation of this Application.

11.

Applicant shows that all services were necessary to assist the Trustee in the proper and effective administration of the Debtor's estate and the exercise of the powers of the Trustee. Applicant shows that the fair and reasonable value of such services, and the costs of comparable services in a case not proceeding under the Bankruptcy Code, is not less than $1,260.00, based primarily on the normal hourly rates of providing such services and calculated using the "lodestar" calculation of reasonable hourly rates multiplied by the number of hours actually expended, as summarized on Exhibit "A".  The time expended and services performed by HFC are duly itemized

and set forth in Exhibit "B" attached hereto and by reference incorporated herein and made part of this Application.

12.

Applicant shows that all services for which compensation during this Application Period is requested have been actually provided to the Debtor and/or the Trustee, and to no other parties, and have been necessary for the proper and effective administration of this case and for the benefit of the Debtor's estate and its creditors.

13.

Applicant's employees have substantial experience and expertise in providing financial and accounting services in bankruptcy cases and to fiduciaries in such cases. Applicant's employee hourly rates are fair and reasonable and the same as the cost for such services other than in a bankruptcy case.

14.

The compensation requested is allowable pursuant to the twelve factor test (the "Johnson Factors") set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), as modified and made applicable to bankruptcy cases by the Eleventh Circuit Court of Appeals in Grant v. George Schumann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990). The Johnson Factors and their applicability in these cases are as follows:

  (a) Time and Labor Required:  HFC expended 4.2 hours in performing services as accountants to the Trustee during the Application Period.  The billing rates of the various professionals and other personnel who have performed services for the Committee are detailed in HFC's billing statements, which are attached hereto as Exhibit "A".

(b) <u>Novelty and Difficulty of Questions Presented</u>: The work performed by HFC has involved issues of varying complexity, as set forth in substantial detail in the billing statements attached to this Application.

(c) <u>Skill Requisite to Perform Professional Services:</u> The Trustee selected HFC as its accountants because HFC's professionals possess substantial expertise and experience in bankruptcy and related fields and are well-qualified to perform professional services.

(d) <u>Preclusion of Other Employment Due to Acceptance of the Cases:</u> Professionals of HFC have devoted time and resources to these cases, to the possible preclusion of involvement in other matters.

(e) <u>Customary Fees for the Type of Services Rendered</u>: HFC believes that the fees requested and the hourly rates set forth herein are consistent fees typically charged for the type of services rendered in cases of this magnitude and complexity. The hourly rates charged by HFC in this Application are comparable to the rates that HFC would charge to a non-bankruptcy client for work of a similar nature and complexity.

(f) <u>Whether the Fee is Fixed or Contingent</u>: Pursuant to section 330(a) of the Bankruptcy Code, HFC's fee is subject to Court approval, and is primarily based upon hourly rates and does not involve any fixed or flat fees. Compensation is "contingent" only in the sense that there are risks of non-allowance or non-payment.

(g) <u>Time Limitations Imposed by the Client or Other Circumstances</u>: Certain tax filing deadlines have been applicable herein.

(h) <u>The Amount Involved and Results Obtained</u>:  HFC shows that the Trustee, with the assistance of all professionals involved, has achieved a successful result in this case.

(i) <u>The Experience, Reputation, and Ability of the Professional</u>:  HFC has extensive experience in bankruptcy matters. Its reputation and ability are well known to the Court.

(j) <u>Undesirability of the Case</u>:  This factor is inapplicable to the present Chapter 7 cases.

(k) <u>Nature and Length of Professional Relationship with the Client</u>:  HFC was employed by the Trustee as his accountants in this bankruptcy case. Thus, the professional relationship is an ongoing one.

(l) <u>Awards in Similar Cases</u>:  HFC is regularly awarded compensation in Chapter 7 and Chapter 11 cases on the same basis as requested herein.

15.

In connection with the provision of services as set forth herein above, Applicant has incurred expenses in the amount of $77.20. Expenses are summarized on **Exhibit "A"** and itemized on **Exhibit "C"** attached hereto and incorporated herein. Applicant seeks allowance of said expenses as reasonable and necessarily incurred.

16.

No agreement or understanding exists between HFC and any other person for the sharing of compensation to be received for services rendered in connection with this case.  All services for which compensation is requested were performed for the Trustee and the estate and not on behalf of any committee, creditor or any other person or persons.

17.

Based on the foregoing, Applicant seeks final allowance of $1,260.00 as compensation for the period covered by this Application. Applicant shows that compensation in such amount is reasonable compensation based on the nature, the extent, and the value of services rendered, the time spent to provide such services, and the cost of comparable services other than in a bankruptcy case.

18.

Attached hereto as Exhibit "D" is a Declaration of S. Gregory Hays, Managing Principal of Applicant, confirming the facts set out in the Application and exhibits hereto.

**WHEREFORE**, Applicant respectfully prays:

a. That Applicant be allowed final compensation in the amount of $1,260.00 as and for the reasonable value of services rendered in connection with its retention as accountants for the Trustee for the Application Period;

b. That Applicant be allowed the sum of $77.20 for the reimbursement of out-of-pocket expenses incurred in this case during the Application Period;

c. that the Court authorize payment of amounts allowed as deemed appropriate and equitable by the Court from the fund available in the bankruptcy estate; and

d. that the Court grant such other and further relief as may be just and proper.

Respectfully submitted, this 28th day of January, 2021.

/s/ S. Gregory Hays
S. Gregory Hays

Hays Financial Consulting, LLC
2964 Peachtree Rd, NW  Ste. 555
Atlanta, Georgia 30305
(404) 926-0060

# Exhibit A

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Diontae Cortez Hicks**
**Case # 18-64019-BEM**

**For the Period from    1/18/2021   to   1/28/2021**

January 28, 2021

Professional Services

|  | **Hrs/Rate** | **Amount** |
|---|---:|---:|
| James R. Jennings, CPA | 3.60<br>300.00/hr | 1,080.00 |
| Scott S. Askue | 0.60<br>300.00/hr | 180.00 |
| **For professional services rendered** | **4.20** | **$1,260.00** |

Additional Charges :

| | |
|---|---:|
| Postage | 7.20 |
| Tax Return Filing Fees | 70.00 |
| **Total costs** | **$77.20** |
| **Total amount of this bill** | **$1,337.20** |

---

CFE - Certified Fraud Examiner                                CPA - Certified Public Accountant
CIRA - Certified Insolvency and Restructuring Advisor         PHR - Professional in Human Resources
CTP - Certified Turnaround Professional

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

**Diontae Cortez Hicks**
**Case # 18-64019-BEM**

For the Period from   1/18/2021   to   1/28/2021

January 28, 2021

Professional Services

|  | Hours | Amount |
|---|---:|---:|
| Fee / Employment Applications & Objection | 0.60 | 180.00 |
| Tax Issues | 3.60 | 1,080.00 |
| **For professional services rendered** | **4.20** | **$1,260.00** |

Additional Charges :

| | |
|---|---:|
| Postage | 7.20 |
| Tax Return Filing Fees | 70.00 |
| **Total costs** | **$77.20** |
| **Total amount of this bill** | **$1,337.20** |

# Exhibit B

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Diontae Cortez Hicks**
**Case # 18-64019-BEM**

For the Period from   1/18/2021   to   1/28/2021

January 28, 2021

Professional Services

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---:|---:|
| | **Tax Issues** | | | |
| 1/18/2021 | JRJ | Reviewed account ledger for 2020 activity to determine nature of transaction and 2020 filing requirements. | 0.10<br>300.00/hr | 30.00 |
| 1/22/2021 | JRJ | Prepared year 2020 Federal forms 1041 and 1040 for the bankruptcy estate of Diontae C Hicks. | 1.20<br>300.00/hr | 360.00 |
| | JRJ | Prepared year 2020 Georgia forms 501 and 500 for the bankruptcy estate of Diontae Hicks. | 0.90<br>300.00/hr | 270.00 |
| | JRJ | Prepared 505(b) Request For Prompt Determination packages for Federal and Georgia 2020 Federal and State income tax returns. | 1.40<br>300.00/hr | 420.00 |
| | | Subtotal | 3.60 | 1,080.00 |
| | **Fee / Employment Applications & Objection** | | | |
| 1/27/2021 | SSA | Drafted final fee application and prepared exhibit to same. | 0.60<br>300.00/hr | 180.00 |
| | | Subtotal | 0.60 | 180.00 |
| | | **For professional services rendered** | **4.20** | **$1,260.00** |

# Exhibit C

**Hays Financial Consulting, LLC**

2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**Diontae Cortez Hicks**
**Case # 18-64019-BEM**

**For the Period from    1/18/2021   to   1/28/2021**

January 28, 2021

| | | Amount |
|---|---|---:|
| | **Expenses** | |
| 1/27/2021 | Tax software licensing fee for filing of bankruptcy estate forms 1040 and 1041. | 70.00 |
| | Postage  - Final estate tax returns and 505(b) letters. | 7.20 |
| | Subtotal | 77.20 |
| | **Total costs** | **$77.20** |

# Exhibit "D"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| DIONTAE CORTEZ HICKS, | : | CASE NO. 18-64019-bem |
| | : | |
| Debtor. | : | |

## DECLARATION

I, S. Gregory Hays, declare under penalty of perjury that:

1. I am the Managing Principal at Hays Financial Consulting, LLC ("HFC") and have knowledge of the facts set forth herein.

2. The facts set out in the foregoing First and Final Application for Allowance of Compensation of Hays Financial Consulting, LLC as Accountants to the Chapter 7 Trustee and in the exhibits attached thereto are true and correct to the best of my knowledge, information and belief. Those facts are known to me personally and by business records of HFC, maintained in the ordinary course of business, including time and reimbursement records made by personnel at HFC.

                                                                                                               */s/ S. Gregory Hays*
                                                                                                                 S. Gregory Hays